IN THE UNITED STATES DISTRICT COURT
FOR THE EASTERN DISTRICT OF PENNSYLVANIA

| | : | |
|---|---|---|
| JAMES HARRIS, | : | CIVIL ACTION |
| Plaintiff, | : | |
| v. | : | No. 08-2126 |
| MICHAEL PAIGE, | : | |
| and | : | |
| CITY OF PHILADELPHIA, | : | |
| Defendants. | : | |

**MEMORANDUM**

**ROBERT F. KELLY, Sr. J.**                                                                **JULY 17, 2009**

      Presently before the Court are Plaintiff James Harris's ("Harris") Motion to Reinstate Civil Action and Lift Stay, and Defendant Michael Paige's ("Paige") Response in Opposition to Plaintiff's Motion to Reinstate Civil Action and Lift Stay (treated as an Application for Additional Stay).  For the reasons set forth below, Harris's Motion will be granted, and Paige's Application will be denied.

**I.     FACTS**

      On May 7, 2008, Harris filed a Complaint against Paige and the City of Philadelphia (the "City") alleging that Paige, who was employed as a Philadelphia police officer at the time of the alleged incident, sexually assaulted Harris by forcing him to engage in oral sex and other sexual acts under the show of authority, while on duty as a Philadelphia police officer, and under the color of State law.  (Pl.'s Resp. in Opp'n to Def.'s App. for Add. Stay ¶ 2.)  Harris avers that on

May 8, 2008, he executed service on Paige to Paige's wife at his domicile in Philadelphia. (Id. ¶ 3.) Harris further avers that Paige never responded to or answered the Complaint despite proper service and having the assistance of counsel. (Id. ¶ 4.)

On July 7, 2008, Harris filed a Praecipe to Enter Default/Default Judgment against Paige. On that same date, the Clerk of the Court entered a Default against Paige for his failure to appear, plead, or otherwise defend in the instant action. Also on that date, Paige filed a Motion to Stay Proceedings, alleging that he is a member of the United States Army Reserve, and had been ordered to report to active duty in Fort Knox, Kentucky. (Mem. Supp. Mot. to Stay at 2.) In his Motion, Paige stated that he expected to return to the Philadelphia area on or around June 1, 2009. (Id.) On July 29, 2008, Paige filed a Motion to Set Aside Entry of Default. On August 18, 2008, this Court granted Paige's Motion to Stay Proceedings based on the Soldiers' and Sailors' Civil Relief Act, 50 U.S.C. app. § 522 (2009) (the "Act"). On that same date, this Court granted Paige's Motion to Set Aside Entry of Default.

On June 10, 2009, Harris filed the instant Motion to Reinstate Civil Action and Lift Stay. In his Motion, Harris avers that on October 21, 2008, Paige was personally served in Philadelphia pursuant to an additional summons. Harris contends that Paige was in Philadelphia on apparent leave, but failed to advise anyone when he would be able to proceed. On June 17, 2009, Paige filed a Response in Opposition to Plaintiff's Motion to Lift the Stay.[1] On June 24, 2009, Harris filed a "Response to Defendant's Response in Opposition to Plaintiff's Motion to Lift the Stay." On June 30, 2009, this Court entered an Order requiring Paige, within ten days of the Order, to:

---

[1] As stated in our June 30, 2009 Order, this Court treats Paige's Response in Opposition to Plaintiff's Motion to Reinstate Civil Action and Lift Stay as an Application for Additional Stay pursuant to § 522(d)(1) of the Act.

1) provide a specific date upon which he will be available to appear in this matter; and 2) submit the required information as prescribed under §§ 522(b)(2) and 522(d)(1) of the Act.

On July 8, 2009, Paige submitted a "Notice By Michael Paige Of Date Upon Which He Will Be Available to Appear."  Attached to the Notice is apparently a signed statement by Paige, dated July 7, 2009, which reads:

> I, Michael A. Paige, am presently serving the country under military orders since May 2008 and still serving in Ft. Knox Ky and unable to answer the call to civil court at this time.  I am attempting to end my service period no later then [sic] the end of August 2009, though I have orders retaining me until 2010 I should be home to answer the civil claim.  I will contact my attorney with the exact date as soon as I retrieve it from the service.  Thank you and sorry for any inconvenience.

(Def.'s Notice, Attach. 1.)

On July 9, 2009, Paige submitted a "Supplemental Notice of Date Upon Which He Will Be Available to Appear."  Attached to the Supplemental Notice is apparently a letter from the Department of the Army, dated June 2, 2009, which reads in pertinent part:

> YOU ARE RETAINED ON ACTIVE DUTY UNDER PROVISION OF SECTION 12301 (H), TITLE 10 UNITED STATES CODE FOR THE PERIOD SHOWN PLUS THE TIME NECESSARY TO TRAVEL.  YOU WILL PROCEED FROM YOUR HOME OR CURRENT LOCATION IN TIME TO REPORT FOR DUTY ON THE DATE SHOWN BELOW.  UPON COMPLETION OF THIS DUTY, UNLESS SOONER RELEASED, YOU WILL RETURN TO YOUR HOME AND UPON ARRIVAL BE RELEASED FROM ACTIVE DUTY.  RPT TO: . . . FT KNOX KY 40121.  REPORT DATE/TIME: 01 JUN 2009 . . . PERIOD OF ACTIVE DUTY: 350 DAYS . . . END DATE: MAY 16, 2010.  PURPOSE: TO PARTICIPATE IN RESERVE COMPONENT WARRIORS IN TRANSITION MEDICAL RETENTION PROCESSING PROGRAM FOR COMPLETION OF MEDICAL CARE AND TREATMENT.  ADDITIONAL INSTRUCTIONS:  SM HAS ELECTED PERMANENT CHANGE OF STATION (PCS) MOVE DURING THIS ASSIGNMENT . . . . ACCRUED LEAVE TREATED IAW 37 USC 501.  CDR SHOULD ALLOW SM THE OPPORTUNITY TO USE ACCRUED LEAVE WITHIN THE CURRENT MOB OR CO-ADOS PERIOD.  NO BREAK IN SVC, SM CAN CARRY LEAVE OVER WITH NO PENALTY SUBJECT TO THE LIMIT IN 10

USC 701.

(Def.'s Supp. Notice, Attach. 2.)  On July 9, 2009, Harris filed a Response and Supplemental Response to Paige's Notice and Supplemental Notice, respectively.

## II.     DISCUSSION

Section 522(d)(1) of the Act states that "[a] servicemember who is granted a stay of a civil action or proceeding under subsection (b) may apply for an additional stay based on continuing material affect of military duty on the servicemember's ability to appear."  50 U.S.C. app. § 522(d)(1).  Section 522(d) further states that "[t]he same information required under subsection (b)(2) shall be included in an application under this subsection."  Id.  Subsection (b)(2) requires that an application for a stay include:  1) "[a] letter or other communication setting forth facts stating the manner in which current military duty requirements materially affect the servicemember's ability to appear and stating a date when the servicemember will be available to appear"; and 2) "[a] letter or other communication from the servicemember's commanding officer stating that the servicemember's current military duty prevents appearance and that military leave is not authorized for the servicemember at the time of the letter."  50 U.S.C. app. § 522(b)(2).

Under the Act, "a motion for stay of court proceedings is addressed to the discretion of the Court."  Tabor v. Miller, 269 F. Supp. 647, 649 (E.D. Pa. 1967), aff'd, 389 F.2d 645, 647 (3d Cir. 1968).  "The Act cannot be construed to require continuance on mere showing that the defendant [is] . . . in the military service."  Boone v. Lightner, 319 U.S. 561, 565 (1943).  Rather, "[t]he pivotal question is whether 'the ability of . . . the defendant to conduct his defense is not materially affected by reason of his military service.'"  Tabor, 269 F. Supp. at 649 (quoting

4

Boone at 565). In Tabor, the court found it "important" that "the letter . . . [was] silent on the question whether leave was, in fact, available to [the defendant], and if so, 'Did he apply for a leave at all? The [letter] pretty clearly implied that he had not.'" Id. at 650 (quoting Boone at 572). The court further found that "[t]he fact that [the defendant] did return to Philadelphia . . . indicates that the prospect of a brief leave to attend the trial was by no means impossible." Id. Thus, the court concluded that "the applications for continuance were properly denied." Id. at 651.

Numerous other courts have similarly denied applications for a stay where the servicemember applicant failed to show an inability to obtain leave. See, e.g., Palo v. Palo, 299 N.W.2d 577 (S.D. 1980) (holding that servicemember defendant could not take advantage of the Act where record showed that defendant failed to show his inability to obtain leave or that he had even sought leave); Underhill v. Barnes, 288 S.E.2d 905 (Ga. Ct. App. 1982) (trial judge did not abuse his discretion in refusing to grant a stay under the Act where defendant failed to show an unsuccessful attempt to obtain leave or the exercise of due diligence in making himself available for trial); Ridley v. Young, 149 P.2d 76 (Cal. Ct. App. 1944), superseded by statute, Cal. Code Civ. Proc. § 581c, as recognized in Am. Broad. Cos. v. Walter Reade-Sterling, Inc., 117 Cal. Rptr. 617 (Cal. Ct. App. 1974) (trial court did not abuse its discretion in refusing to grant stay of action for damages arising out of automobile collision where there was no showing made that defendant could not obtain leave to attend trial); Graves v. Bednar, 95 N.W.2d 123 (Neb. 1959) (Act does not require stay in negligence action on mere showing that defendant is in military service, without showing or contention that defendant has applied for, and been unable to secure, leave for purpose of attending trial); In re Stromberg's Adoption, 58 N.E.2d 88 (Ohio Ct. App.

1944) (in adoption proceedings, stay would not be granted for natural father who was in service where it appeared that he could have obtained leave to be present at hearing).

Here, Paige has failed to submit the required information as prescribed under sections 522(b)(2) and 522(d)(1) of the Act. The signed statement by Paige, dated July 7, 2009, does not show that Paige has applied for, and been unable to secure, leave for purpose of attending trial. Furthermore, the letter from the Department of the Army, dated June 2, 2009, which Paige has offered as proof of his inability to attend trial, expressly states that the nature of his mobilization does not prevent him from taking leave, and gives his commander the authority to release him. Moreover, Harris's averment that Paige was personally served in Philadelphia on October 21, 2008 further shows that Paige could, in the exercise of due diligence, make himself available for trial. As such, this Court will grant Harris's Motion and reinstate the civil action against Paige.

An appropriate Order follows.