**IN THE UNITED STATES DISTRICT COURT**
**FOR THE EASTERN DISTRICT OF PENNSYLVANIA**

---

|   |   |   |
|---|---|---|
| | : | |
| JAMES HARRIS, | : | CIVIL ACTION |
| | : | |
| Plaintiff, | : | |
| | : | |
| v. | : | No. 08-2126 |
| | : | |
| MICHAEL PAIGE | : | |
| | : | |
| and | : | |
| | : | |
| CITY OF PHILADELPHIA, | : | |
| | : | |
| Defendants. | : | |
| | : | |

---

**<u>MEMORANDUM</u>**

**ROBERT F. KELLY, Sr. J.**                              **SEPTEMBER 22, 2009**

      Presently before the Court is Defendant Michael Paige's ("Paige") "Motion Pursuant to

F.R.C.P. 8, 12(b)(6) and (f) to Dismiss" ("Motion").[1]  For the reasons set forth below, Paige's

Motion will be denied in part and granted in part.[2]

---

[1]Paige states in his Motion that he:

> moves pursuant to Federal Civil Procedural Rule 8 and 12(b)(6) and (f) to
> dismiss the complaint, or in the alternative require a complaint pleaded is
> [sic] a short plain statement manner and provides facts sufficient to state a
> claim for which relief may be granted, but not with immaterial and
> scandalous information.

(Def.'s Mot. Dismiss at 3.)

[2]It must be noted that Paige's Motion is riddled with typographical errors and statements which are difficult to understand.  We will do our best to interpret what Paige is attempting to argue before this Court.

## I.       BACKGROUND

On May 7, 2008, Plaintiff James Harris ("Harris") filed a Complaint against Paige and the City of Philadelphia (the "City") alleging that Paige, who was employed as a Philadelphia police officer at the time of the alleged incident, sexually assaulted Harris by forcing him to engage in oral sex and other sexual acts under the show of authority, while on duty as a Philadelphia police officer, and under the color of state law.  (Compl. ¶ 2.)

On July 7, 2008, Harris filed a Praecipe to Enter Default/Default Judgment against Paige. On that same date, the Clerk of the Court entered a Default against Paige for his failure to appear, plead, or otherwise defend in the instant action.  Also on that date, Paige filed a Motion to Stay Proceedings, alleging that he is a member of the United States Army Reserve, and had been ordered to report to active duty in Fort Knox, Kentucky.  On July 29, 2008, Paige filed a Motion to Set Aside Entry of Default.  On August 18, 2008, this Court granted Paige's Motion to Stay Proceedings based on the Soldiers' and Sailors' Civil Relief Act, 50 U.S.C. app. § 522 (2009). On that same date, this Court granted Paige's Motion to Set Aside Entry of Default.

On June 10, 2009, Harris filed a Motion to Reinstate Civil Action and Lift Stay which was granted by this Court on July 17, 2009.  On August 12, 2009, Paige filed the instant Motion, and Harris filed a "Praecipe to Enter Default Judgment Against Defendant Michael Paige." Thereafter, on September 7, 2009, Paige filed a "Motion to Strike Plaintiff's Praecipe to Enter Default Against Defendant Paige."

## II.      STANDARD OF REVIEW

## 1.       Motion to Dismiss

A motion to dismiss under Federal Rule of Civil Procedure 12(b)(6) tests the sufficiency

2

of a complaint.  Kost v. Kozakiewicz, 1 F.3d 176, 183 (3d Cir. 1993).  Under Rule 12(b)(6), the

defendant bears the burden of demonstrating that the plaintiff has not stated a claim upon which

relief can be granted.  Fed. R. Civ. P. 12(b)(6); see also Hedges v. United States, 404 F.3d 744,

750 (3d Cir. 2005).  In Bell Atl. Corp. v. Twombly, the Supreme Court stated that "a plaintiff's

obligation to provide the 'grounds' of his 'entitle[ment] to relief' requires more than labels and

conclusions, and a formulaic recitation of the elements of a cause of action will not do."  550

U.S. 544, 555 (2007).  Following Twombly, the Third Circuit has explained that the factual

allegations in the complaint may not be "so undeveloped that it does not provide a defendant the

type of notice which is contemplated by Rule 8."  Phillips v. County of Allegheny, 515 F.3d 224,

233 (3d Cir. 2008).  Moreover, "it is no longer sufficient to allege mere elements of a cause of

action; instead 'a complaint must allege facts suggestive of [the proscribed] conduct.'"  Id.

(alteration in original) (quoting Twombly, 550 U.S. at 563 n.8).  Furthermore, the complaint's

"factual allegations must be enough to raise a right to relief above the speculative level."  Id. at

234 (quoting Twombly, 550 U.S. at 555).  "This 'does not impose a probability requirement at

the pleading stage,' but instead 'simply calls for enough facts to raise a reasonable expectation

that discovery will reveal evidence of the necessary element.'"  Id. (quoting Twombly, 550 U.S.

at 556).

　　　　Notwithstanding Twombly, the basic tenets of the Rule 12(b)(6) have not changed.  The

Knit With v. Knitting Fever, Inc., No. 08-4221, 2009 U.S. Dist. LEXIS 30230, at *6 (E.D. Pa.

Apr. 8, 2009).  The general rules of pleading still require only a short and plain statement of the

claim showing that the pleader is entitled to relief, not detailed factual allegations.  Phillips, 515

F.3d at 231.  Moreover, when evaluating a motion to dismiss, the court must accept as true all

well-pleaded allegations of fact in the plaintiff's complaint, and must view any reasonable inferences that may be drawn therefrom in the light most favorable to the plaintiff.  Id.; Buck v. Hampton Twp. Sch. Dist., 452 F.3d 256, 260 (3d Cir. 2006).  Finally, the court must "determine whether, under any reasonable reading of the complaint, the plaintiff may be entitled to relief." Pinkerton v. Roche Holdings Ltd., 292 F.3d 361, 374 n.7 (3d Cir. 2002).

**2.      Motion to Strike**

Federal Rule of Civil Procedure 12(f) states in relevant part:  "The court may strike from a pleading an insufficient defense or any redundant, immaterial, impertinent, or scandalous matter."  Fed. R. Civ. P. 12(f).  "Immaterial matter is that which has no essential or important relationship to the claim for relief."  Del. Health Care. Inc. v. MCD Holding Co., 893 F. Supp. 1279, 1291-92 (D. Del. 1995).  "Impertinent matter consists of statements that do not pertain, and are not necessary, to the issues in question."  Id.

District courts are afforded "considerable discretion" when addressing a motion to strike. See Woods v. ERA Med LLC, No. 08-2495, 2009 U.S. Dist. LEXIS 3965, at *32 (E.D. Pa. Jan. 21, 2009).  Generally, motions to strike are not favored and "usually will be denied unless the allegations have no possible relation to the controversy and may cause prejudice to one of the parties, or if the allegations confuse the issues."  River Rd. Dev. Corp. v. Carlson Corp. - Ne., No. 89-7037, 1990 U.S. Dist. LEXIS 6201, at *7 (E.D. Pa. May 23, 1990); see also DeLa Cruz v. Piccari Press, 521 F. Supp. 2d 424, 428 (E.D. Pa. 2007).

**III.     DISCUSSION**

**1.      Motion to Dismiss and/or Strike**

**A.  Count I**

4

Paige first asserts that Count I "seems to be a Section 1983 Monell action against the City of Philadelphia." (Def.'s Mot. Dismiss at 4.) Paige argues that a "Monell action cannot be asserted against defendant Paige as he is not and from what facts appear in the complaint is not asserted to be a policy-maker." Id.

"A municipality cannot be held liable solely because it employs a tortfeasor." Monell v. N.Y. City Dept. of Soc. Serv., 436 U.S. 658, 691 (1978). Instead, the plaintiff must assert that an actual policy or custom of the municipality was the cause of the constitutional deprivation. Id. In order to sufficiently allege "custom" for Monell purposes, a plaintiff must allege that the "practices of state officials could well be so permanent and well settled as to constitute a 'custom or usage' with the force of law." Id.

Paige's challenging of Count 1 is puzzling since this Count is clearly labeled "James Harris vs. City of Philadelphia." (Compl. at 20.) Moreover, the numerous paragraphs of this Count clearly indicate that Harris is alleging a Monell claim against the City and not against Paige. Throughout this Count, Harris avers that the City willfully disregarded and ignored a "custom and practice of police misconduct." (Compl. ¶ 131.) The Count goes on to specifically describe the alleged police misconduct. Id. Thus, Paige's argument is meritless.[3]

## B.  Count II

Paige next argues that "[i]t is unknown by Paige or his counsel under what amendment of the United States Constitution the Plaintiff asserts the count or claims. There are no references to any specific amendment in the complaint or at least none that were able to be found in the 178

_____

[3]This argument is also moot because the City has answered the Complaint and this Count.

paragraphs of the Plaintiff's excessively pleaded complaint."  (Def.'s Mot. Dismiss at 5.)  This argument also has no merit.

Harris clearly avers in Count II that "[t]he Defendant Paige violated the Civil Rights Act of 1871, 42 U.S.C. § 1983,[4] by depriving the Plaintiff of the rights and privileges secured to him by the United States Constitution and the laws of the United States under the color of State law." (Compl. ¶ 148.)  Harris then specifically sets forth in graphic detail Paige's alleged conduct that violated his civil rights.  For example, Harris avers in Count II that:

> The Defendant Paige willfully, recklessly, and callously disregarded and thereby deprived the Plaintiff of his right to be secure in his person and his right to bodily integrity by abducting the Plaintiff and sexually assaulting him by a show of authority conferred to him by the Defendant Philadelphia and under the color of state law, and in callous disregard of the Plaintiff's constitutional rights.

(Compl. ¶ 149.)  As stated above, following the <u>Twombly</u> decision, the Third Circuit has explained that the factual allegations in the complaint may not be "so undeveloped that it does not provide a defendant the type of notice which is contemplated by Rule 8."  <u>Phillips</u>, 515 F.3d

---

[4]Section 1983 reads as follows:

> Every person who, under color of any statute, ordinance, regulation, custom, or usage, of any State or Territory or the District of Columbia, subjects, or causes to be subjected, any citizen of the United States or other person within the jurisdiction thereof to the deprivation of any rights, privileges, or immunities secured by the Constitution and laws, shall be liable to the party injured in an action at law, suit in equity, or other proceeding for redress.

42 U.S.C. § 1983.

at 233.  Here, Harris has more than adequately pled a § 1983 cause of action in Count II of his

Complaint, despite the fact that he has not cited a specific constitutional amendment.

### C.  Count III

Next, Paige states that Count III is brought under the "United States Constitution" and it

must:

> fail because there is no private right of action under the United States
> Constitution, for state action; rather a violation of a United States
> Constitutional right by a state action is through 1983, which has been
> referred to as the vehicle to assert a deprivation of a right provided by the
> United States Constitution.

(Def.'s Mot. Dismiss at 6.)

Although we are not exactly sure what Paige is arguing in the above assertion, as

discussed above, Harris has properly averred a § 1983 cause of action in Count II.  Likewise, in

Count III, Harris has sufficiently alleged violations under the United States Constitution.  In this

Count, Harris first incorporated all of his previous allegations into this Count, and then averred

the following:[5]

> The actions and conduct of the Defendants, acting individually and
> by and through their agents, servants, employees, agencies and
> subsidiaries as aforesaid, acting under State and local law, custom
> and usage, have deprived the Plaintiff of Equal Protection under
> the Law and Due Process, has [sic] resulted in Cruel and Unusual

---

[5]Paige argues that this Count should also be dismissed because under Monell, the "City
cannot be liable for the torts of its employees by virtue of respondent [sic] superior." (Def.'s
Mot. Dismiss at 7.)  This argument, however, is clearly not one for Paige to make, but rather, one
for the City to raise.  Moreover, the argument is moot because Harris states in his Response that
he is not asserting a cause of action based on the doctrine of respondeat superior.  (Pl.'s Resp.
Mot. at 9.)

> Punishment, and has [sic] deprived the plaintiff of his Rights,
> Privileges, and Immunities as protected by the United States
> Constitution.

(Compl. ¶ 155.)  Accordingly, Paige's argument must fail.

### D.  Count IV

Count IV of the Complaint seeks money damages for violations of the Pennsylvania

Constitution.  Harris avers that:

> The actions and conduct of the Defendants, acting individually and
> by and through their agents, servants, employees, agencies and
> subsidiaries as aforesaid, acting under State and local law, custom
> and usage, have deprived the Plaintiff of his rights as protected by,
> but not limited to, Article 1 Section 1 through 26 of the
> Pennsylvania Constitution.

(Compl. ¶ 159.)  Paige asserts that this Count should be "dismissed because there is no private

cause of action for a deprivation of a state provided right under the Pennsylvania Constitution."

(Def.'s Mot. Dismiss at 8.)  We agree.

The Supreme Court of Pennsylvania has not yet ruled on the issue of whether the

Pennsylvania Constitution provides a cause of action for damages for State Constitutional

violations.  Indeed, we have located no Pennsylvania case which implies a private right of action

for damages for state constitutional violations.  We have, however, located opinions from the

Commonwealth Court of Pennsylvania, as well as from this Court and our sister court, explicitly

holding that no such right exists under the Pennsylvania Constitution.  See R.H.S. v. Allegheny

County Dept. of Human Servs., Office of Mental Health, 936 A.2d 1218, 1225-26 (Pa. Commw.

Ct. 2007) ("[N]either statutory authority, nor appellate case law has authorized the award of

monetary damages for a violation of the Pennsylvania Constitution." (quoting <u>Jones v. City of</u>
<u>Philadelphia</u>, 890 A.2d 1188 (Pa. Commw. Ct. 2006))); <u>Underwood v. Beaver County Children</u>
<u>and Youth Servs.</u>, No. 03-1475, 2007 WL 3034069, at *2 (W.D. Pa. Oct. 7, 2007); <u>Mitchell v.</u>
<u>Street</u>, 415 F. Supp. 2d 490, 497-98 (E.D. Pa. 2005); <u>Ryan v. Gen. Mach. Prods.</u>, 277 F. Supp. 2d
585, 595 (E.D. Pa. 2003).  Accordingly, we find that Harris's claim for damages based on
violations of the Pennsylvania Constitution fails, and we dismiss Count IV.

### E.  Counts V through XII

Counts V through XII are common law intentional torts asserted against Paige.

Counts V, VI, and VII are claims for assault.  Paige argues that Counts VI and VII should be
dismissed because they are from the "same transaction and occurrence that Count VI does," and
are "repetitive or duplicative claims."  (Def.'s Mot. Dismiss at 9.)  This argument has no merit.
A reading of these Counts indicates that Harris is alleging three separate sexual assaults that
occurred over a period of time during which he contends Paige forcibly restrained him in his
police patrol car.

Paige next asserts that Count VIII, alleging false imprisonment, should be dismissed.  He
argues that "the Count is insufficiently plead [sic] to provide notice of what act is to be the false
arrest or unlawful restraint.  All the Plaintiff says is he was kidnaped."  (Def.'s Mot. Dismiss at
10.)  Paige's argument, however, fails.

Under Pennsylvania law, the "elements of false imprisonment are (1) the detention of
another person, and (2) the unlawfulness of such detention."  <u>Renk v. Pittsburgh</u>, 641 A.2d 289,
293 (Pa. 1994).  Here, Count VIII, which incorporates into it the 166 paragraphs which precede

it, sufficiently alleges the necessary elements of a cause of action for false imprisonment.  Harris

alleges much more than being kidnaped.  Rather, he sets forth specific allegations of Paige

restraining him in his patrol car under his authority as a police officer in order to sexually assault

him. Thus, Paige's contention must be rejected.

Paige next argues that Counts X and XI which state claims for battery should be

dismissed because they are repetitive claims as Count IX also alleges a battery claim.  Again

however, as is the case with the assault causes of action, these claims raise separate occurrences

of sexual battery.  Thus, this argument is baseless.

Paige also asserts that Count XII, which avers an action for intentional infliction of

emotional distress, should be dismissed.  To state a claim for the intentional infliction of

emotional distress, a plaintiff must allege that the defendant "by extreme and outrageous conduct

intentionally or recklessly causes severe emotional distress" to the plaintiff.  Taylor v. Albert

Einstein Med. Ctr., 754 A.2d 650 (Pa. 2000) (quoting Restatement (Second) of Torts § 46(1)).

Generally, to prevail on an intentional infliction of emotional distress claim, the case must be one

in which "the recitation of facts to an average member of the community would arouse his

resentment against the actor, and lead him to exclaim, 'Outrageous!'"  Kazatsky v. King David

Mem'l Park, 527 A.2d 988, 991 (Pa. 1987).  This high standard allows liability only where the

conduct has been so outrageous and so extreme in degree as to go beyond all possible bounds of

decency and to be regarded as atrocious and utterly intolerable in a civilized community.  Id.

In his Motion, Paige makes the mind-numbing argument that Harris has failed to aver

"outrages" [sic] conduct on his part because the Count "asserts only that there was a sexual

assault and battery which occurred when the defendant had the plaintiff place the plaintiff's penis in the defendant's mouth."  (Def.'s Mot. Dismiss at 10.)  We find that alleging that a Philadelphia Police officer, during the course of his duties, forced a citizen to engage in sexual conduct of any kind would cause an average member of the community to "exclaim 'Outrageous!'"  See Kazatsky, 527 A.2d at 991.  Thus, this argument fails.

### 2.    Federal Rule of Civil Procedure 8

Lastly, Paige argues that the Complaint should be dismissed as it violates Federal Rule of Civil Procedure 8(a)(2).[6]  Paige acknowledges that this Rule requires only a "short and plain statement of the claim," but contends that the Complaint contains too much information.  Paige states that the "Plaintiff's 179 [sic] complaint is laden with and replete of [sic] unnecessary verbiage, so much so that the entire complaint should be stricken.  There is so much scandalous and immaterial information peppered throughout the complaint that dissecting it becomes more work that should exists [sic]."  (Def.'s Mot. Dismiss at 13.)

Paige, however, cannot have it both ways.  He cannot claim, as he has above, that many of Harris's Counts do not assert sufficient facts to state causes of action, and then, in the alternative, argue that the Complaint should be dismissed for averring too many facts.  Here, the Complaint, while long, graphic, and even repetitive at times, certainly should not be dismissed

---

[6]Federal Rule of Civil Procedure 8(a) states: "A pleading that states a claim for relief must contain. . . (2) a short and plain statement of the claim showing that the pleader is entitled to relief."

Fed. R. Civ. P. 8(a)(2).

for averring "too much information."  Accordingly, this argument is denied.[7]

An appropriate Order follows.

_____

[7]In his Response, Harris's counsel asks this Court to award him attorneys' fees, as he asserts that the instant Motion is frivolous.  We decline to do so.  Harris also has filed a "Praecipe to Enter Default Judgment Against the Defendant Michael Paige" for Paige's failure to answer the Complaint.  We will deny this request as well.