# IN THE UNITED STATES DISTRICT COURT
# FOR THE EASTERN DISTRICT OF PENNSYLVANIA

| | | |
|---|---|---|
| JAMES HARRIS, | : | CIVIL ACTION |
| Plaintiff, | : | |
| v. | : | No. 08-2126 |
| MICHAEL PAIGE, | : | |
| and | : | |
| CITY OF PHILADELPHIA, | : | |
| Defendants. | : | |

## MEMORANDUM

**ROBERT F. KELLY, Sr. J.**                                                                           **APRIL 4, 2011**

Presently before the Court are "Plaintiff, James Harris' Motion to Strike Defendant City of Philadelphia Police Officer Michael Paige's Amended Answer to Plaintiff, James Harris' Complaint" ("Plaintiff's Motion") filed by Plaintiff James Harris ("Plaintiff") and "Opposition Response of Defendant Michael Paige to the Plaintiff's Motion to Strike Paige's Proposed Amended Answer" ("Defendant's Opposition") filed by Defendant Michael Paige ("Defendant") and the City of Philadelphia.

## I.    BACKGROUND

The procedural history of this case is lengthy and complex and we will, therefore, only recount the events most pertinent to deciding the instant Motion. Plaintiff commenced this civil action by filing a Complaint on May 7, 2008 alleging that Defendant, a police officer for the City of Philadelphia, sexually assaulted him on March 16, 2007. On May 28, 2008, Defendants filed

an Answer to Complaint with Affirmative Defenses. The affirmative defenses listed therein are: (1) failure to state a claim upon which relief can be granted, (2) immunities and damages limitations under the Political Subdivision Tort Claims Act,[1] (3) statute of limitations, (4) consent, (5) a substantive defense to the assault charges, and (6) a substantive defense to the false imprisonment claim. (Def.'s Answer 13-14.) On July 7, 2008, Defendant Michael Page filed a Motion to Stay so that he could complete military service in Fort Knox, Texas. On August 18, 2008, we granted the Motion to Stay. Almost one year later, on July 17, 2009, we lifted the stay on the proceedings. Defendant filed a Motion to Dismiss on August 12, 2009, which we granted in part and denied in part on September 22, 2009. In regards to Defendant's Motion to Dismiss, we also ordered that Defendant file an Answer within twenty (20) days, which he did not do until October 14, 2009.[2] On January 21, 2011, Plaintiff filed a Motion for Summary Judgment. The next day, on January 22, 2011, Defendant City of Philadelphia filed a Motion for Summary Judgment. On March 9, 2011, Defendant filed Reply to Plaintiff's Motion for Summary Judgment along with a Motion to Amend Answer ("Motion to Amend") seeking to add the affirmative defense of Collateral Estoppel and/or Res Judicata. On March 23, 2011, Plaintiff filed a Motion to Strike Defendant's Motion to Amend Answer and on March 25, 2011, Defendant filed an Opposition asserting that Plaintiff would not be prejudiced in the event we granted the Motion to Amend and that Plaintiff's Motion to Strike is not ripe and procedurally incorrect.

---

[1] 42 Pa. C.S.A. § 8541

[2] The untimely filing of Defendant's Answer resulted in Defendant's second entry of default entered against him for failing to defend, answer or otherwise plead.

## II. DISCUSSION

As a preliminary matter, we are not persuaded by Defendant's arguments that Plaintiff's Motion to Strike is "not ripe or procedurally correct" because "the proposed Amended Answer is not filed." (Def.'s Opposition 1.) When construing a motion, ordinarily its substance is controlling over its form; that is, even though a party generally bears the burden to correctly label its motion so as to inform the adversary of the nature of the motion and the relief sought, the nature of the motion is ordinarily determined by its essence or substance or the relief sought, not by its title, label, or caption. 56 Am.Jur. 2d Motions, Rules, and Orders § 3 (2010). See also, Lujan v. Nat'l Wildlife Fed'n, 497 U.S. 871, fn. 10 (1990) citing Snyder v. Smith, 736 F.2d 409, 419 (7th Cir. 1984) ("The Federal Rules are to be construed liberally so that erroneous nomenclature in a motion does not bind a party at his peril"); Miller v. Transamerican Press, Inc., 709 F.2d 524, 527 (9th Cir. 1983) ("The court will construe [a motion], however styled, to be the type proper for the relief requested").

Here, Plaintiff's Motion to Strike asks us to strike and therefore deny Defendant's proposed Amended Answer which Defendant incorporated into the Motion to Amend Answer. We will, therefore, interpret Plaintiff's Motion to Strike as a Motion in Opposition to Defendant's Motion to Amend Answer and for the reasons set forth below, we will deny Defendant's Motion to Amend Answer.[3]

Plaintiff properly cites Federal Rule of Civil Procedure 15 as governing amended and

---

[3] We are aware that Plaintiff submitted a properly designated Motion in Opposition (Doc. No. 76) on March 29, 2011, which is virtually identical to Plaintiff's Motion to Strike. However designated, the Motion in Opposition was untimely submitted and is not properly a part of the record. Furthermore, this decision will render the untimely Motion in Opposition moot.

supplemental pleadings. Fed. R. Civ. P. 15. The rule states, in pertinent part:

    (a)    Amendments Before Trial

        (1)    Amending as a Matter of Course. A party may amend its pleading once as a matter of course within;

            (A)    21 days after serving it, or

            (B)    if the pleading is one to which a responsive pleading is required, 21 days after service of a responsive pleading or 21 days after service of a motion under Rule 12(b), (e) or (f), whichever is earlier.

        (2)    Other Amendments. In all other cases, a party may amend its pleading only with the opposing party's written consent or the court's leave. The court should freely give leave when justice so requires.

Fed. R. Civ. P. 15(a)(1)-(2). Federal Rule of Civil Procedure 8(c)(1) provides in relevant part: "In responding to a pleading, a party must affirmatively state any avoidance or affirmative defense, including . . . estoppel [and] res judicata." Fed. R. Civ. P. 8(c)(1). It is settled that the grant of leave to amend pursuant to Rule 15(a) is within the discretion of the trial court. Zenith Radio Corp. v. Hazeltine Research, Inc., 401 U.S. 321, 330 (1971) (citing Foman v. Davis, 371 U.S. 178, 182 (1962)). Our broad discretion to permit late amendments to the pleadings is tempered "if a plaintiff's delay in seeking the amendment is undue, motivated by bad faith, or is prejudicial to the opposing party. Ickes v. Borough of Bedford, 271 F.R.D. 458, 461 (W.D. Pa. 2010) (citing Cureton v. Nat'l Collegiate Athletic Ass'n, 252 F.3d 267, 273 (3d Cir. 2001)). The determination of whether prejudice would occur includes whether allowing an amendment would result in additional discovery, cost, and preparation to defend against new facts or new theories. Id. at 461-62 (citation omitted). When a party fails to take advantage of previous opportunities to amend, without adequate explanation, leave to amend is properly denied. Id. (citation omitted).

We find that Defendant's delay in seeking to amend the Answer is the product of undue delay and would prejudice Plaintiff in these circumstances. First, Defendant offers no explanation for the delay in seeking to amend the Answer. Defendant filed the Answer on October 14, 2009. During the period of time from October 14, 2009 to March 9, 2011, Plaintiff and Defendant were actively engaged with the case. Defendant filed and responded to several motions during that time. Defendant could have amended the Answer at any time during those 465 days. We note that Defendant does not argue to the contrary. Second, we find that prejudice to Plaintiff would result if we granted leave for Defendant to amend the Answer because that action would require Plaintiff to prepare to litigate a new theory, which should have been pled in accordance with Rules 15(a)(1) and 8(c)(1) and, in this case, they were not.

An appropriate Order follows.