# IN THE UNITED STATES DISTRICT COURT
# FOR THE EASTERN DISTRICT OF PENNSYLVANIA

| | | |
|---|---|---|
| JAMES HARRIS, | : | CIVIL ACTION |
| Plaintiff, | : | |
| v. | : | No. 08-2126 |
| MICHAEL PAIGE | : | |
| and | : | |
| CITY OF PHILADELPHIA, | : | |
| Defendants. | : | |

## MEMORANDUM

**ROBERT F. KELLY, Sr. J.**                                                                 **SEPTEMBER 3, 2013**

Presently before the Court is Plaintiff, James Harris' ("Harris"), Motion for Attorney's Fees, Defendant, Michael Paige's ("Paige"), Response, and Harris' Reply. For the reasons set forth below, the Motion will be granted in part and denied in part.

**I.     BACKGROUND[1]**

On May 7, 2008, Harris filed a Complaint against Paige and the City of Philadelphia (the "City") alleging that Paige, who was employed as a Philadelphia police officer at the time of the alleged incident, sexually assaulted Harris by forcing him to engage in sexual acts under the show of authority, and under the color of state law in violation of the Civil Rights Act of 1871, 42 U.S.C. § 1983. (Compl. ¶ 2.) This matter endured a long procedural history with the City

---

[1] A more complete procedural and factual history of this matter is set forth in this Court's previous Memorandum Opinion. See Harris v. Paige, No. 08-2126, 2011 WL 1755646, at *1 (E.D. Pa. May 9, 2011).

being dismissed from the case. It was eventually tried before a jury from June 25, 2012, through June 27, 2012. At the trial's conclusion, the jury returned a verdict in favor of Harris in the amount of $65,000 for compensatory damages and $100,000 in punitive damages for a total award of $165,000. (Doc. No. 162.) Subsequently, Harris filed a Motion for Attorney's Fees ("Fee Petition") on July 12, 2012, which included an affidavit of his attorney, Brian F. Humble, Esq. ("Attorney Humble"). (Doc. Nos. 169, 171, 172.) Harris filed a Motion to Amend/Correct Motion for Attorney's Fees on July 14, 2012. (Doc. No. 178.) Paige filed a Response on July 20, 2012 (Doc. No. 182), and Harris filed a Reply on July 29, 2012. (Doc. No. 184.) Paige filed a Notice of Appeal in the Court of Appeals for the Third Circuit ("Third Circuit"), which was dismissed on October 3, 2012. (Doc. No. 189.) On January 16, 2013, Paige informed the Court that he was called to active military service. (Doc. No. 197.) On January 24, 2013, we ordered this action placed in civil suspense until such time that Paige returns from active military duty. (Doc. No. 200.) Paige recently returned from military duty and we placed this case back on the active docket.

## II. STANDARD OF REVIEW

Pursuant to 42 U.S.C. § 1988, the Court in its discretion may award the prevailing party reasonable attorney's fees and costs incurred in litigating a claim under § 1983. 42 U.S.C. § 1988; Tresdell v. PHA, 290 F.3d 159, 163 (3d Cir. 2002). A reasonable fee is one "adequate to attract competent counsel, but which does not produce windfalls to attorneys." PIRG v. Windall, 51 F.3d 1179, 1185 (3d Cir.1995); see also Planned Parenthood of Cent. N.J. v. Attorney General of State of N.J., 297 F.3d 253, 265 (3d Cir. 2002). The prevailing attorney seeking compensation bears the initial burden of showing the reasonableness of the requested fees by "producing

2

satisfactory evidence-in addition to the attorney's own affidavits-that the requested rates are in line with those prevailing in the community for similar services by lawyers of reasonably comparable skill, experience, and reputation." Blum v. Stenson, 465 U.S. 886, 896 (1984). Once the prevailing attorney satisfies his burden, the opposing party may "challenge, by affidavit or brief with sufficient specificity to give the fee applicant notice, the reasonableness of the requested fee." Rode v. Dellarciprete, 892 F.2d 1177, 1183 (3d Cir. 1990).

After determining that a plaintiff is a prevailing party eligible to recover attorney's fees, a court must determine what fee is reasonable. Hensley v. Eckerhart, 461 U.S. 424, 433 (1983). Reasonable attorney's fees are comprised of the applicable hourly rate for the legal services and the product of the hours reasonably expended; this amount is known as the lodestar. Id. at 433. A reasonable hourly rate is the prevailing market rate for the essential character and complexity of the legal services rendered. Hurley v. Atl. City Police Dep't, 174 F.3d 95, 131 (3d Cir. 1999); Planned Parenthood, 297 F.3d at 265 n.5. Once the reasonable hourly rate has been determined, the Court, in its discretion, calculates the fee award by multiplying the number of hours reasonably expended by a reasonable hourly rate. Hensley, 461 U.S. at 433; Planned Parenthood, 297 F.3d at 265.

## III. DISCUSSION

### 1. Prevailing party

A prerequisite to an award of attorney's fees under § 1988 is that the party seeking fees must have been "prevailing." Hensley, 461 U.S. at 433. Paige asserts that Harris "can arguably be considered a 'prevailing party' but only for a few claims." (Def.'s Resp. Mot. for Attorneys' Fees at 3.) We disagree.

3

Courts have broadly defined "prevailing party" for purposes of triggering the application of a fee shifting statute. PIRG, 51 F.3d at 1185. Generally, a plaintiff may be considered a prevailing party for the purpose of receiving attorney's fees if he succeeds on any significant issue in litigation which achieves some of the benefit the parties sought in bringing suit. Hensley, 461 U.S. at 437 (1983); see also Metro. Pitts. Crusade for Voters v. City of Pitts., 964 F.2d 244, 250 (3d Cir. 1992) ("The test . . . to determine prevailing party status is whether plaintiff achieved some of the benefit sought by the party bringing suit.") Thus, a party need not achieve all of the relief requested, nor even ultimately win the case to be eligible for a fee award. J.O. ex rel. C.O. v. Orange Twp. Bd. of Ed., 287 F.3d 267, 271 (3d Cir. 2002).

Here, it is clear that Harris is a "prevailing party." Harris won on virtually every claim presented to the jury. The jury found that Paige violated Harris' Fourth amendment right not to be subjected to unlawful seizure, and his Fourth Amendment right not to be subjected to invasion of bodily integrity. They also found that such violations caused injuries to Harris including severe emotional distress. As noted, the jury awarded Harris $65,000 in compensatory damages and $100,000 in punitive damages. Because Harris is clearly the prevailing party, this argument is without merit.

**2. Hourly Rate**

The first step in the lodestar calculation is determining a reasonable hourly rate. Although the Third Circuit has held that "the starting point in determining a reasonable hourly rate is an attorney's usual billing rate, that amount is not dispositive." PIRG, 51 F.3d at 1185. In Blum, the United States Supreme Court ("Supreme Court") explained that "reasonable fees" under § 1988 are to be calculated according to the prevailing market rates in the relevant

community, regardless of whether plaintiff is represented by private or nonprofit counsel. 465 U.S. at 893. Thus, determination of the market rate first requires determination of the relevant market. Windall, 51 F.3d at 1186; see also Washington v. Phila. Cnty. Court of Common Pleas, 89 F.3d 1031, 1035 (3d Cir. 1996) ("[A] reasonable hourly rate is calculated according to the prevailing market rates in the community.") Courts "should assess the experience and skill of the prevailing party's attorneys and compare their rates to the rates prevailing in the community for similar services by lawyers of reasonably comparable skill, experience, and reputation." Rode, 892 F.2d at 1183. The prevailing party bears the burden of establishing that the requested rate is reasonable in light of "the essential character and complexity of the legal services rendered in order to make out a prima facie case." Washington, 89 F.3d at 1035.

Here, Attorney Humble submits that his reasonable hourly rate is $475.00,[2] which he states is "based on a fair market standard used by and established for attorneys of similar experience." (Humble Aff. ¶ 11.) Attorney Humble asserts that this is the hourly rate that he charges in all civil rights cases he undertakes. (Id. ¶ 17.) He states that he was admitted to practice law in Pennsylvania in June 2002. and into the United States District Court for the Eastern District of Pennsylvania in April 2008. (Id.) During this time, Attorney Humble asserts that he has acquired significant experience as a trial attorney in criminal defense, constitutional law, and civil rights. (Id. ¶¶ 3, 5.) Attorney Humble further asserts that he was a trial attorney for the Defender Association of Philadelphia from 2002 to approximately 2007, and has been a solo practitioner since that time with a focus on criminal defense, civil rights, and plaintiff's litigation. (Id. ¶¶ 5-7.)

---

[2] Attorney Humble requests this rate for all hours worked both trial and non-trial.

Paige argues that the appropriate hourly rate for Attorney Humble should be between $150.00 and $225.00 because he has "very limited experience in the civil rights field and no trials in this filed [sic]." (Def.'s Response at 4.) Paige also argues that the rate should be reduced because Attorney Humble seeks to charge attorney hourly rates for non-attorney work and non-trial work on this case. (Id. at 6.) A fee applicant bears the burden of producing "satisfactory evidence" that the requested rate is consistent with the prevailing market rate. Blum, 465 U.S. at 896 n.11. Satisfactory evidence includes "evidence other than the attorney's own affidavits." Holmes v. Millcreek Twp. Sch. Dist., 205 F.3d 583, 594 (3d Cir. 2000). In Holmes, the Third Circuit noted Supreme Court precedent requiring that an "attorney's showing of reasonableness [of the requested hourly rate] must rest on evidence other than the attorney's own affidavits." 205 F. 3d at 594 (quoting Blum, 465 U.S. at 895-96 n.11; see also Maldonado v. Houstoun, 256 F.3d 181, 184 (3d Cir. 2001) (stating that the prevailing party "bears the burden of establishing by way of satisfactory evidence, 'in addition to [the] attorney's own affidavits,' . . . that the requested hourly rates meet this standard") (quoting Washington, 89 F.3d at 1035). Ultimately, the determination of a reasonable hourly rate is within the sound discretion of the court. Doe v. Terhune, 121 F. Supp. 2d 773, 781 (D.N.J. 2000).

Here, Attorney Humble offers only his Affidavit and Supplemental Affidavit in support of his hourly fee request, which states that a reasonable community market hourly rate based on his "experience, background and expertise" is $475.00. (Humble Aff. ¶ 16.) Attorney Humble has submitted no other affidavits from any other attorneys in the Philadelphia legal community opining what a reasonable hourly rate is for a civil rights attorney with experience similar to his experience. Attorney Humble has, thus, not met his burden because he has failed to produce any

other evidence for this Court to compare his requested hourly rate "to the rates prevailing in the community for similar services by lawyers of reasonably comparable skill, experience, and reputation." Rode, 892 F.2d at 1177.

In this situation, the Third Circuit and several courts in this District, have turned to the Philadelphia Community Legal Services' fee schedule[3] ("CLS Fee Schedule") for guidance. It "has been approvingly cited by the Third Circuit as being well developed and has been found by [the Eastern District of Pennsylvania] to be a fair reflection of the prevailing market rates in Philadelphia." See Rainey v. Phila. Housing Auth., 832 F. Supp. 127, 129 (E.D. Pa. 1993) (citing Swaayze v. Phila. Housing Auth., No. 91-2982, 1992 WL 81598, at *2 (E.D. Pa. Apr. 16, 1992)); see also Maldonado, 256 F.3d at 187; Barrett v. West Chester Univ. of Penna. of State Sys. of Higher Educ., No. 03-4978, 2006 WL 859714, at *4 (E.D. Pa. Mar. 31, 2006); Sheffer v. Experian Info. Solutions Inc., 290 F. Supp. 2d 538, 543-44 (E.D. Pa. 2003); Reynolds v. USX Corp., 170 F. Supp. 2d 530, 532-33 (E.D. Pa. 2001); Skaggs v. Hartford Fin. Group, No. 99-3306, 2001 WL 1665334, at *20 (E.D. Pa. Sept. 28, 2001). Attorney Humble acknowledges that he reviewed the CLS Fee Schedule, but he argues that it should not be used by this Court in assessing his reasonable hourly rate. (Pl.'s Mot. for Atty.'s Fees at 8 n.2.) He asserts that the CLS Fee Schedule has been criticized by federal courts in this District. See Tucker v. Phila.

---

[3]In compiling this schedule, CLS asks various law firms in Philadelphia what their rates are for lawyers with various years of experience. Evans v. Phila. Housing Auth., No. 93-5547, 1995 WL 154872, at *3 (E.D. Pa. Mar. 31, 1995). It polls large firms, mid-size firms and small firms, including solo practitioners. (Id.)

Housing Auth., No. 93-5547, 1995 WL 154872, at *1 (E.D. Pa. Mar. 31, 1995).[4]  Nonetheless, as noted above, it has been utilized by several courts in this District, and we will follow the lead of these courts and use the CLS Fee Schedule as a guide in establishing Attorney Humble's fair market hourly rate.

The CLS Fee Schedule, effective June 23, 2011, sets forth a schedule of reasonable hourly rates for attorneys based on their years of experience.  (See www.clsphila.org.)  It reflects reasonable hourly rates of between $225.00 to $255.00 for attorneys with 6-10 years of experience, and between $260.00 to $335.00 for attorneys with 11-15 years of experience.  (Id.)  It also recommends an hourly rate between $360.00 to $460.00 for attorneys with more than 25 years of experience.  (Id.)

Attorney Humble asserts that he has been a "practicing attorney in the Pennsylvania state and federal courts for over 11 years."  (Pl.'s Mot. for Atty.'s Fees at 18.)  He, however, states in his Affidavit that he was admitted to practice law in Pennsylvania in June 2002, and the Eastern District of Pennsylvania in April 2008.  (Humble Aff. ¶ 3.)  We note that these dates indicate that Humble had just a month more than ten (10) years of experience in state court when this Motion was filed in August 2012, and four years' experience in federal court.  Thus, according to his own dates in his Affidavit, he has ten years of experience, placing him in the category of the CLS Fee Schedule for attorneys with 6-10 years experience which suggests an hourly fee range of

---

[4]Attorney Humble quotes Tucker for the proposition that: "The fee schedule does not take into account the specialized skills and advanced degrees the attorneys bring to their practice, their experience in the particular field of law, the size of the law firm, the level of work performed, nor the positions of counsel."  Tucker, 1995 WL 154872, at *1.  (Pl.'s Mot. for Atty.'s Fees at 8 n.2.)  Our review of Tucker, however, indicates that while the Court is critical of the method of compiling the CLS Fee Schedule, the opinion contains no such quote.

$225.00 to $255.00. (See www.clsphila.org.) As noted, Attorney Humble asserts that if the CLS Fee Schedule is used, he has 11 years experience and falls in the category of attorneys with 11 to 15 years experience, and should be paid at the very top of this category at $335.00 an hour.[5] Although our calculation of Attorney Humble's experience adds up to ten years and one month (June 2002 to July 2012 when his Fee Petition was filed) and not the eleven years he claims, we will give him the benefit of the doubt and place his experience level in the 11-15 year category which, as noted, has an hourly fee range of $260.00 to $335.00. Based on this schedule, we set Attorney Humble's hourly fee at the lower end of the range at $260.00.[6]

### 3. Hours Reasonably Expended

Once a reasonable hourly rate has been determined, the next step in the lodestar calculation is a determination of the time reasonably expended in conducting the litigation. Hensley, 461 U.S. at 433. Attorneys seeking fees must document the hours for which payment

---

[5] Attorney Humble also argues that the CLS Fee Schedule should be adjusted at the rate of 6.7% for inflation. We, however, decline to adjust Humble's hourly rate for inflation. He has offered no authority that this is mandated. Moreover, as stated, we have given Attorney Humble the benefit of the doubt that he has eleven years experience despite the fact that he states in his Affidavit that he was admitted into the Pennsylvania bar in June 2002 and filed this Fee Petition in July 2012.

[6] We are well aware that the Third Circuit has recognized the necessity of conducting an evidentiary hearing in certain situations when the rate of attorney's fees are at issue. However, a hearing must be held only where the court cannot fairly decide disputed questions of fact without it. Blum, 829 F.2d at 377–78; see also Drelles v. Metro. Life Ins. Co., 90 F. App'x 587, 591 (3d Cir. 2004); G.J. ex rel. Jackson v. Lower Merion Sch. Dist., No. 11-3723, 2012 WL 2327780, at * 5-6 (E.D. Pa. June 19, 2012). Here, a hearing is not necessary. As noted, Attorney Humble filed the instant Fee Petition along with his Affidavit regarding his appropriate hourly fee on July 12, 2012. He also submitted numerous time sheets as exhibits on July 16, 2012, a Supplemental Affidavit, and filed a Reply Brief on July 29, 2012. We note that Attorney Humble has had almost a year to file and submit whatever information he wanted this Court to consider in determining the issue of attorney's fees. In light of these submissions and the information yielded from them, we conclude that a hearing is not necessary under these circumstances because the Court has sufficient information to "decide disputed questions of fact." See Blum, 829 F.2d at 377–78.

is sought "with sufficient specificity to allow the district court to determine whether the hours claimed are unreasonable for the work performed." Evans v. Port Auth., 273 F.3d 346, 361 (3d Cir. 2001). Thus, a district court is required to review the time charged, decide whether the hours set out were reasonably expended for each of the particular purposes described, and then exclude those that are "excessive, redundant, or otherwise unnecessary." Hensley, 461 U.S. at 433-34; see also Holmes, 205 F.3d at 595. To be appropriately awarded, attorneys' fees must be "'useful and of the type ordinarily necessary' to secure the final result obtained from the litigation." Planned Parenthood, 297 F.3d at 266 (quoting Penna. v. Del. Valley Citizens' Council, 478 U.S. 546, 561 (1986)). In other words, courts have a "positive and affirmative function in the fee fixing process, not merely a passive role." Maldonado, 256 F.3d at 184.

Attorney Humble asserts that he worked a total of 553:45 hours at a rate of $475.00 per hour and requests attorney's fees in the amount of $263,031.25. We need not recount the procedural history of this matter, which dates back to the filing of Harris' Complaint in May 2008, to state the obvious- that procedurally this case necessitated a lot of litigation on Harris' part because Paige certainly was not a cooperative Defendant by any means. That being said, Attorney Humble is certainly entitled to reasonable attorney's fees for hours spent litigating this matter through the June 2012 trial. However, while acknowledging the procedural difficulty of litigating this case, we, nevertheless, find that many of Attorney Humble's hours are excessive and unnecessary.

Courts should "consider the complexity of the litigation and the sophistication of the services rendered" when setting an attorney's rates. Melissa G. v. Sch. Dist. of Phila., No. 06-5527, 2008 WL 160613, a *2 (E.D. Pa. Jan. 14, 2008); see also Wisdom v. Phila. Housing Auth.,

No. 02-8369, 2003 WL 21545123, at *4 (E.D. Pa. July 7, 2003). We note that Attorney Humble acknowledges in both his Fee Petition and Reply that "[t]he subject matter and issues of this case were not complex." (Fee Petition at 18; Reply at 14.) We agree, and with this in mind we are of the opinion that many of the hours Attorney Humble asserts that he spent litigating this matter were "excessive, redundant, or otherwise unnecessary," and we will reduce the hours accordingly. Hensley, 461 U.S. at 433-34. The Third Circuit mandates that a district court conduct more than a cursory review of the billing records, and must "go line, by line" through the billing records supporting the fee request. Evans, 273 F.3d at 362-63; Maldonado, 256 F.3d at 184.

Attorney Humble has submitted numerous time sheets detailing his time to five minute increments. In accordance with Evans, we go line by line through each, and make the following findings and adjustments. We first note that for reasons which will be addressed, infra, all hours billed for consultation with Anthony McKnight will be excluded. A review of the time sheets indicates that Attorney Humble billed 15:20 hours for various consultations with McKnight, and this time will be excluded. The following list reflects hours billed by Attorney Humble that we find either excessive, and reduce accordingly to what we find is reasonable, or hours billed that we determine to be unnecessary and will not award attorney's fees for such:[7]

- 6/29/2007- State criminal trial matters- 6:05 hrs. Hours approved- 0;
- 11/30/2007- Attend state criminal trial- 8:05 hrs. Hours approved- 0;
- 12/24/2007- Review state crim. discovery- 5:25 hrs. Hours approved- 3;
- 1/25/2008- Review state crim. file/consult client- 6:35 hrs. Hours approved- 4;

---

[7]The date and description of the hours billed is taken verbatim from Attorney Humble's time sheets. (See Pl.'s Mot. for Atty.'s Fees, Humble Time Sheet.) Next to each description, we state the number of hours that we find to be reasonable and approve for this work. In deciding what is reasonable, we have carefully reviewed the type of work performed and any filings connected with such work.

- 5/03/2008- Legal research- 12:15 hrs.  Hours approved- 4;
- 5/5, 5/6, 5/7/2008- Prep Complaint- 24:2 hrs.  Hours approved- 8;
- 5/28/2008- Review City Defendants answer- 4:45 hrs.  Hours approved- 1;
- 6/3/2008- Legal research/indemnification- 6:55 hrs.  Hours approved- 2;

- 7/7, 8/1/2008, 6/7/2009- Legal research [and] review/Sailors Relief Act- 18:7 hrs.  Hours approved- 3;
- 7/29/2008- Research Paige Military Records- 4:3 hrs.  Hours approved- 2;
- 8/23/2008- Motion to Stay/File reorg.- 5:25 hrs.  Hours approved- 2;
- 10/10/2008- Review Arb. File/Civil Relief Act- 4 hrs.  Hours approved- 2;
- 10/11, 10/12, 10/13/2008- Motion to Stay Prep [and] Motion to Stay Exhibits- 13:05 hrs.  Hours approved- 3;
- 10/20/2008- Tele Confer w/Windbush re Arb- 3 hrs.  Hours approved- 0;
- 10/21/2008- Attend Arb Hearing/Consult DNA Ex.- 7:5 hrs.  Hours approved- 2;
- 6/8, 6/9/2009- Prep Motion to Lift Stay [and] Final Motion to Lift Stay Prep- 12:55 hrs.  Hours approved- 4;
- 6/15/2009- Prep letter to Puricelli- 3:55 hrs.  Hours approved- 1:5 hrs;
- 6/17, 6/20, 6/22, 6/23/2009- Puricelli Response Opposition- 23:45 hrs.  Hours approved- 10;
- 7/8/2009- ECF Review Puricelli Motion- 1:25.  Hours approved- 0;
- 7/9/2008- ECF Supplemental Filing Review- 4:05.  Hours approved- 1;
- 7/17/2009- ECF Review of Opinion/Order- 3:45 hrs.  Hours approved- 2;
- 8/12/2009- Review Puricelli Motion to Dismiss- 5:15 hrs.  Hours approved- 2.
- 8/20/2009- Prep Response Motion to Dismiss- 6:5 hrs.  Hours approved- 4;
- 9/1/2009- Final Prep Response- 2 hrs.  Hours approved- 1;
- 9/7/2009- Review Puricelli Motion for Sanctions- 5.15 hrs.  Hours approved- 1.5;
- 9/22/2009- Review ECF Order- 1:55 hrs.  Hours approved- .2;
- 10/14/2009- Review Puricelli response- 2:45 hrs.  Hours approved- 1;
- 3/9, 3/31/2010- ECF review entry of appearance- .2 hrs.  Hours approved- 0;
- 5/27, 5/28/2010- Prep for Rule 16 Confer- 1:45 hrs.  Hours approved- .5;
- 6/18/2010- Review ECF Scheduling Order- .35 hrs.  Hours approved- .1;
- 6/28/2010- Prep discovery- 5:2 hrs.  Hours approved- 3;
- 6/28/2010- Review discovery requests- 3 hrs.  Hours approved- 1:5;
- 9/20, 9/21, 9/23/2010- Prep Motion to Compel, Memo of law to compel- 6:5 hrs.  Hours approved- 2;
- 9/29/2010- Puricelli Response opposition- 3:45 hrs.  Hours approved- 1;
- 10/30, 10/31/2010- Paige depo prep- 10:05 hrs.  Hours approved- 4;
- 11/2, 11/8/2010- Review Paige interrogs- 4:5 hrs.  Hours approved- 2;
- 11/16/2010- ECF Review of Puricelli Opposition- 2:15 hrs.  Hours approved- 1;
- 11/29, 11/30, 12/10, 12/13, 12/15/2010- Prep response in Oppos to Puricelli [and] Review Puricelli Response- 7:2 hrs.  Hours approved- 3;

- 12/17/2010- Review Motion for Sanctions- 3:15 hrs.  Hours approved- 1;
- 12/28/2010- Review Puricelli Motion- 3:15 hrs.  Hours approved- 1;
- 12/29, 12/30/2010- Review Discovery/consult with client- 7:7 hrs.  Hours approved- 4;
- 1/3/2011- Rev lad file/answers to complaint- 7:4 hrs.  Hours approved- 2;
- 1/21/2001- Review Puricelli Sum Jud Motion- 9:15 hrs.  Hours approved- 6;
- 1/22/2011- Review City Summ. Jud Motion- 12:4 hrs.  Hours approved- 6;
- 2/08/11- Prep Motion for Extension- 1:5 hrs.  Hours approved- .5;
- 2/11/2011- Review ct opinion/prep sanction mot- 8:5 hrs.  Hours approved- 4;
- 2/19/2011- Review Puricell Xmotion for sanction- 2:45 hrs.  Hours approved- 1:5;
- 3/1/2011- Legal research- 6:2 hrs.  Hours approved- 3;
- 3/8/2011- Review City Sum Juyd [sic] response- 2:25 hrs.  Hours approved- 1:5;
- 3/9/2011- ECF review Puricelli response- 2:15 hrs.  Hours approved- 1:5;
- 3/21/2011- Review Purcelli Motion to Strike- 3:4 hrs.  Hours approved- 1:5;
- 5/09/2011- Review Sum Jud Order- 1 hr.  Hours approved- .1;
- 5/20/2011- Review Puricelli Response- 2:35 hrs.  Hours approved- 1;
- 3/29/2012- Prep for Wdraw Motion hearing- 2:25 hrs.  Hours approved- 1:5;
- 5/11/2012- Field investigation- 5:15 hrs.  Hours approved- 2;
- 6/12/2012- Prep Motion to Strike Witness- 2:5 hrs.  Hours approved- 1:5;
- 6/27/2012- Trial prep/trial- 9:25 hrs.  Hours approved 8; and
- 6/29/2012- Review of TRO/Bill of Costs- 3:1 hrs.  Hours approved- 1:5.[8]

Total hours approved from above-134:5 hrs.

Total hours approved and not adjusted from Humble's time sheets-139:15 hrs.[9]

Total approved hours (excluding hours for Fee Petition)-274:05 hrs.

---

[8] Humble's proposed Order asks for attorney's fees in the amount of $263,972.92 excluding fees for preparation of the Fee Application.  Yet, his Motion, his Affidavit, and time sheets all reflect a "total bill" of $263,031.25."  (Humble Aff. ¶ 13.)  We are not sure where the discrepancy in these amounts comes from, but we rely on Humble's time sheets for the proper amount that he is claiming as reasonable attorney's fees.  In addition, Humble's time sheets indicate billable time in preparing the Fee Petition totaling 25.2 hours (7/8/2012- research attorney fees- 1.15 hrs., 7/9/2012- review consult billable- 6.45 hrs., 7/10/2012- review billables- 4.05 hrs., 7/11/2012- review billables- 10.35, 7/12/2012- final review of attorney fee memo- 2.4 hrs.)  At this part of our decision, we are not considering all billable hours regarding preparation of the Fee Petition which are reflected in Humble's time sheets.  Award of attorney's fees for preparation of the Fee Petition will be considered infra.

[9] It is noted that this Court may further the lodestar calculation based on various factors listed in the Supreme Court's decision in City of Riverside v. Rivera, 477 U.S. 561, 568 n.3 (1986).  We, however, decline to do so.

13

Attorney's fees awarded- $71,253.00 ($260.00 x 274:05).[10]

### 4. Request for Fees for Anthony McKnight

The Fee Petition also asks for attorney's fees for the services of Anthony McKnight ("McKnight") in the amount of $124,843.75, which represents 332:10 hours[11] multiplied by a rate of $375.00 per hour. The obvious problem with this request is the fact that McKnight is currently a disbarred attorney in Pennsylvania and in this Court, and has been disbarred retroactive to 2007.[12] Attorney Humble acknowledges in the Fee Petition that when McKnight "began work on this case, his license to practice law in Pennsylvania, this Court and the Third Circuit was suspended, [and] [d]uring the course of this litigation, Mr. McKnight was barred retroactive by the Pennsylvania Supreme Court to January 1, 2007." (Fee Petition at 8 n.3.) In addition, this Court imposed reciprocal discipline. (Id.) Attorney Humble asserts that while McKnight's license to practice law in Pennsylvania is suspended, he is allowed to perform work under his supervision. He adds that McKnight is "currently employed by Mr. Humble pursuant to Pa.R.D.E. 217(j). In strict accord with Pa.R.D.E. 217(j), Mr. Humble supervises Mr. McKnight's work on a full-time basis."[13] (Id.) Attorney Humble states:

---

[10]We recognize that "there is no rule that the fees award may be no larger than the damages award." Washington, 89 F.3d at 1042. In considering the fee award in this matter, we have not taken into account the size of the jury award.

[11]It is a bit perplexing that Attorney Humble would require a consultant and/or independent contractor to perform 332:10 hours work for him in a case where he admits that the "[t]he subject matter and issues of this case were not complex." (Fee Petition at 18; Reply at 14.)

[12]The reasons for McKnight's disbarment are not relevant to the instant issue of whether fees for his services are recoverable in this Fee Petition. Thus, we do not delve into the facts behind the disbarment.

[13]It is undisputed that pursuant to Pa.R.D.E. 217(j), a disbarred attorney may perform "law-related activities" under the supervision of an attorney in good standing. It is noted that Pa.R.D.E.

14

> As his declaration indicates, Mr. McKnight has more than 27 years of legal experience as a law clerk, legal consultant and formerly practicing attorney. Mr. Humble believes that Mr. McKnight's experience and role in this case entitles him to a reasonable community market rate of $375.00 per hour. This rate is consistent with the suggested CLS rates and those cited in *the Survery of Law Firm Economics*, at 110, 111, 129, 130 (2009 ed.)(citing hourly rates of $360.00 to $460.00 per hour for an attorney with 21 to 30 years of general litigation experience.)

(Id. at 16 n.11.)

While Attorney Humble is certainly correct that the CLS Fee Schedule suggests a rate of $360.00 to $460.00 for an attorney with more than 25 years of experience, the obvious flaw in his argument is that McKnight is not a practicing attorney at this time or during the course of any of the services and/or consultations he performed for him.[14] We first admit to finding it more than disconcerting that McKnight demands an hourly fee ($375.00) which is in the range that the CLS Fee Schedule suggests for "practicing" attorneys with more than 25 years experience when, in fact, he is disbarred. (See www.clsphila.org.) Attorney Humble relies heavily on the Supreme Court decision, Missouri v. Jenkins, 491 U.S. 274 (1989), for his claim that this Court should award McKnight attorney's fees under § 1988 for his services that he supplied to him in this case. In Jenkins, the Court determined that work performed by non-bar members may be considered billable when the work product of an attorney relies on those services provided by clerks and paralegals. Id. at 286 (1989). The Court held that reasonable attorney's fees do not

---

217(j)(2) further states that "formerly admitted attorney" may only perform "legal work of a preparatory nature, such as legal research, assembly of data and other necessary information, and drafting of transactional documents, pleadings, briefs, and other similar documents." Pa.R.D.E. 217(j)(2).

[14]McKnight states in his Affidavit that his services were performed from May 24, 2010 through July 12, 2012, and he billed 332:10 hours. (McKnight Aff. ¶ 29.)

compensate only work performed personally by members of the bar.  Id. [holding that clerk and paralegal services should be billed at market rates rather than at a rate corresponding to their salaries, benefits and overhead]; see also Interface Cmty Org. v. Honeywell Int'l Inc., 426 F.3d 694, 716 (3d Cir. 2005); Elizabeth S. v. School District of Phila., No. 11-1570, 2012 WL 2469547, at *5 (E.D. Pa. Jun. 28, 2012); Jackson v. Art Life, Inc., No. 10-3043, 2012 WL 162292, at *3 (E.D. Pa. Jan. 19, 2012); Robbins v. Lower Merion School District, No. 10-665, 2010 WL 3421026, at *7 (E.D. Pa. Aug. 30, 2010).

It is acknowledged that these cases stand for the proposition that the hours of paralegals and law clerks can be awarded under § 1988.  However, McKnight is not a paralegal or a law clerk.  Moreover, none of these cases involve a disbarred attorney attempting to be compensated for his work as an independent contractor and/or a consultant in a § 1988 fee petition.  McKnight states in his Affidavit that he is "currently employed by the [sic] several law firms as an independent legal contractor/consultant, including The Law Offices of Brian F. Humble, Esquire, pursuant to Pa.R.D.E. 217(j)."  (McKnight Aff. ¶ 7.)  Attorney Humble, however, has not cited a single case where a disbarred attorney doing supervised work pursuant to Pa.R.D.E. 217(j) or doing similar work in any other jurisdiction was awarded fees in a civil rights action pursuant to § 1988; nor has he cited any support for an independent contractor/consultant being compensated in a § 1988 fee petition.  In addition, our research has failed to find any such support.  Because there is no statutory and/or case law support for a disbarred attorney acting as an independent contractor/consultant for a prevailing party being awarded attorney's fees under § 1988, we cannot award McKnight fees in any amount.

We certainly do not intend to deprive McKnight from making a living while he is

disbarred. The fact is-we are not. It is apparent that when Attorney Humble and McKnight entered into their business relationship with regard to the instant case, it certainly wasn't settled law that McKnight, as a disbarred attorney, would be awarded fees under §1988 if Harris prevailed. In fact, given the current case law in this area, it should have been foreseeable to both McKnight and Attorney Humble that McKnight is not entitled to a fee award under § 1988. Thus, it is apparent that it was incumbent for McKnight to have come to some other agreement with Attorney Humble how he would be paid for his services and not look to this Court for his compensation.[15]

### 5. Preparation of Fee Petition

Attorney Humble also requests that this Court award him $19,389.58 in attorney's fees for the preparation of the Fee Petition. He states in the Fee Petition that he devoted 16:05 hours[16] and McKnight 31:20 hours to the preparation of the Attorneys' Fees Petition.[17] (Fee Petition at

---

[15] We note that two attorneys [Geoffrey Seay, Esq. and Qawi Abdul-Rahman, Esq.] have submitted affidavits on behalf of McKnight. Mr. Abdul-Rahman states that McKnight has worked for him pursuant to Pa.R.D.E. 217(j) as an "independent legal contractor/assistant since 2010" and has assisted him in over 25 cases including civil rights cases. (See Doc. 186, Abdul-Rahman Aff. ¶¶ 3-4.) Mr. Abdul-Rahman adds that "[t]he hourly rate Mr. McKnight is billing for the civil rights cases that my firm is prosecuting is $375.00," and that it is his opinion that if McKnight was practicing law, he could command $550.00 to $650.00 for civil rights cases. (Id. at ¶¶ 6-7.) Mr. Seay stated the same regarding McKnight in his affidavit. (See Doc. 187, Seay Aff. ¶¶ 2-3, 7-8.) It is notable that while both attorneys state that their firms pay McKnight $350.00 per hour, neither indicated that McKnight's fees were ever awarded by a court in a civil rights action where they hired him as a legal contractor and/or consultant. Thus, we can only surmise that McKnight was paid directly by these firms themselves for his services and had an arrangement with them for such.

[16] It is notable that this total is different than the amount of hours that Attorney Humble itemized on his time sheet for preparation of the Fee Petition where he indicated a total amount of 25:2 hours. (See footnote 8.)

[17] We assume that the request for $19,389.58 represents Attorney Humble's 16:05 hours at $475.00 per hour and McKnight's 31:20 hours at $375.00 per hour.

29 n.18.) It is well established that attorneys can recover fees for time spent drafting fee petitions. Planned Parenthood, 297 F.3d at 268. An attorney who is successful in obtaining an attorney fee award is entitled to compensation for the time he spent preparing a fee petition and litigating the same, "to the extent such time is reasonably necessary to obtaining a reasonable fee award." Shadis v. Beal, 703 F.2d 71, 73 (3d Cir. 1983).

Here, for the same reasons discussed above, we will not award any amount of attorney's fees for McKnight for his hours in preparation of the Fee Petition. In addition, we find that 47:25 hours (16:05 for Attorney Humble and 31:20 for McKnight) spent on the Fee Petition to be unreasonable and excessive. However, in light of the fact that we are excluding all of McKnight's hours, we do not reduce the amount of hours claimed by Attorney Humble. Accordingly, we award Attorney Humble $4,173.00 (16.05 hrs. x $260.00 per hour) in attorney's fees for the preparation of the Fee Petition.[18]

**6. Attorney's Fees in Defending Appeal to the Third Circuit**

Attorney Humble also seeks reasonable attorney's fees for time devoted to successfully defending Paige's improper appeal to the Third Circuit. See Maldonado, 256 F.3d at 186 (awarding fees for successful appeal). The Court Docket indicates that on May 16, 2011, Paige appealed three of our Orders in a one-page interlocutory appeal to the Third Circuit. See Doc.

---

[18]Attorney Humble also asks this Court to award $1,800.00 in costs in litigating this matter, and $118.25 in costs for the Fee Petition. However, this Court does not award costs in a Fee Petition. "Under the procedures outlined in Fed. R. Civ. P. 54(d)(1), the Clerk taxes costs, and then, if there is an objection to the Clerk's action, the District Court reviews the Clerk's award." McKenna v. City of Phila., 582 F.3d 447, 454 (3d Cir. 2009); see also Reger v. The Nemours Found. Inc., 599 F.3d 285, 287 (3d. Cir. 2010). Accordingly, Attorney Humble must first submit a Bill of Costs to the Clerk of Court and follow the guidelines of Local Rule 54.1.

18

No. 86. Harris filed a Response in Opposition on June 9, 2011. The Third Circuit dismissed this appeal in a two-page Order dated February 17, 2012, finding that none of these Orders were final and, therefore, not appealable. (See Doc. No. 98.)

Attorney Humble asserts that he devoted 11:05 hours at a cost of $4,512.50 to successfully defend this appeal. We, however, find this time unreasonable and excessive. A review of Harris' Response to Paige's appeal indicates a brief of a little more than three pages in length which basically summarizes our Orders and states law that is well-established. Accordingly, we reduce these hours and find three hours to be reasonable. Thus, we award attorney's fees in defense of the appeal in the amount of $780.00 (3 hrs. x $260.00 per hour).[19]

## IV.    CONCLUSION

In accordance with the above, we award Attorney Humble attorney's fees in litigating this case in the amount of $71,253.00 which represents a total of 274:05 hours multiplied by an hourly rate of $260.00. We do not award McKnight attorney's fees in any amount. Furthermore, we award Attorney Humble $780.00 in attorney's fees for defending the appeal to the Third Circuit, and $4173.00 in attorney's fees for the preparation of the Fee Petition. We also deny Harris' request for costs, and grant his request for post-judgment interest.

An appropriate Order follows.

---

[19]Lastly, Harris requests post-judgment interest pursuant to 28 U.S.C. § 1961 in the amount of 3.88%. Paige responds that he does not oppose interest that is statutorily allowed. (Def.'s Resp. Mot. for Atty. Fees at 24.) Accordingly, Harris is awarded post-judgment interest at whatever the current rate is at this time.